IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIM ANTHONY POLONCZYK,

    Plaintiff,

v.                                            CASE NO. 3:16-cv-599-RV-GRJ

BILL GATES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 3, HP Inc. and Microsoft Corporation's Motion to Dismiss and Incorporated Memorandum Brief in Support Thereof.[1] The Court ordered Plaintiff to show cause on or before January 20, 2017, as to why Defendants' motion to dismiss should not be granted. (ECF No. 4.) Rather than responding to the Court's order, Plaintiff filed a "Motion to Correct Information Notice of Appeal," which the Court construed as a motion for remand and denied. (ECF Nos. 5 & 6.) Plaintiff then filed "Motion Please Take Judicial Notice Courtesy response to order

---

[1] The Complaint also names Bill Gates, Jeff Gunter, and Gene Fields as Defendants. These additional Defendants, however, have not been properly served in this matter "as Microsoft is not authorized to accept service of process on behalf of any of the individual Defendants" and there is no record that Jeff Gunter or Gene Fields are currently employed by Microsoft. Plaintiff, however, listed Defendants' addresses as the same as Microsoft's. (ECF No. 1 at 4.)

to show cause." (ECF No. 7.) Plaintiff's response, however, failed to address Defendants' motion to dismiss and instead requested "40 billion dollars to agree to have this action heard in federal court." (*Id.*) As of the date of this Report and Recommendation, Plaintiff has not filed a response that actually addresses Defendants' motion to dismiss. The motion is, therefore, ripe for review. For the reasons explained below, it is recommended that Defendants' motion to dismiss should be granted.

## I. INTRODUCTION

Plaintiff previously filed a similar *pro se* complaint in the Northern District of Florida. *See* Case No. 3:16-cv-49-MCR-EMT*.* In that case, Plaintiff named the same five defendants, claiming that they are guilty of civil RICO violations and violations of the ADA and the Personal Data and Privacy Security Act of 2009. *Id*. Plaintiff also asserted claims of "civil felony harassment," "internet commerce violations," breach of contract, invasion of privacy, internet piracy, and a"violations of many internet information security laws and regulations." *Id.* The Magistrate Judge in that case issued a Report and Recommendation to dismiss the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), finding that Plaintiff's claims were either frivolous or failed to state a claim for which

relief may be granted. *Id.* Before that Report and Recommendation was adopted, however, Plaintiff voluntarily dismissed the case. *Id.*

Plaintiff then initiated this case on September 19, 2016, by filing a *pro se* complaint in the Circuit Court in and for Escambia County, Florida. (ECF No. 1-1, "Compl.") Defendants then filed a notice of removal on November 8, 2016, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. (ECF No. 1.) With the case now pending in the U.S. District Court for the Northern District of Florida, Defendants filed their motion to dismiss. (ECF No. 3.) Defendants move to dismiss the claims for various pleading deficiencies and Plaintiff's failure to state a valid cause of action against Defendants. (*Id.*)

## II. BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint against Defendants for

> harassment, bullying, invading a computer without permission, civil RICO, Internet home invasion, Internet bullying, civil contempt, breach of contract, intellectual theft, destruction of private property, civil acts of conspiracy, intentionally adding viruses on the Internet and private computers, civil extortion as well as criminal, personal degradation of a severely disabled brain tissue damaged Plaintiff "Your [sic] too stupid to use Microsoft products," selling products to purchasers without turning ownership over to the Plaintiff (computers, printers and software).

(Compl. at 1.) Although Plaintiff lists this multitude of claims at the

beginning of his Complaint, he does not allege facts or law related to any of the claims in the remainder of the Complaint.

Plaintiff asserts that Defendants regularly invade his home through his computer without permission, invade his computer, and erase and steal information from his computer's hard drive. Plaintiff also states that Defendants created a false Facebook page, rendered his computer equipment no longer usable, and held Plaintiff's information hostage, offering to give it back to him at a price he cannot afford. (*Id.* at 3–5.)

Despite all of the allegations listed above, Plaintiff's complaint purports to bring claims for: (1) RICO violations, (2) breach of contract, and (3) stalking and civil felony harassment under Florida law.

Plaintiff first attempts to allege RICO violations, stating that Defendants sell computers that they put viruses on and then charge individuals "huge sums of money" to remove the viruses. Plaintiff says that Defendants then demand money for software to protect computers from the viruses they placed on the computer through their software packages. He also says Defendants destroyed his printers and hard drives. (*Id.* at 5–7.)

Plaintiff next alleges that Defendants breached their contract with

Plaintiff. Plaintiff asserts that when he purchased his computer and software, Plaintiff was not aware that he would not be the owner of it, that his information was subject to review, that the software contained a virus, or that Defendants would demand money to repair the issues created by the virus. Plaintiff asserts that there was an implied contract when he purchased his computer and software, which Plaintiff suggests means that he could assume that he could freely use the products he purchased. Despite these assumptions, Plaintiff states that instead he was subject to continued harassment from Defendants, including a virus that Plaintiff alleges wiped his hard drive, and that Defendants refused to restore his software without a receipt from ten years prior. Plaintiff also includes allegations about Defendants destroying other computer products and information on his computer as well as allegations that Defendants would not purchase their products and equipment from Plaintiff and have not delivered his laptop computer under his breach of contract claim.[2] (*Id.* at 8–15.)

Lastly, Plaintiff alleges that he has a claim against Defendants under Florida's law for stalking and civil felony harassment, citing Florida Statute

---

[2] Plaintiff also cites various Florida criminal statutes, which are not applicable in the pending civil case. (Compl. at 11.)

§ 784.048. Plaintiff states that "the actions that the defendants have taken against he plaintiff have spoken for themself in this matter." (*Id.* at 16–17.)

As relief, Plaintiff requests a minimum of $7,000,000,000.00 and requests that the Court require Microsoft and Hewlett Packard to pay for the return of their equipment and software. (*Id.* at 17.)

## III.  DISCUSSION

Defendants request that the Court dismiss Plaintiff's claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 3.) To start, Defendants describe the general pleading problems with Plaintiff's complaint—including Plaintiff's use of largely vague and conclusory allegations—stating that the pleading problems alone warrant dismissal. Defendants highlight that Plaintiff lumped together all of the Defendants, so the Court cannot determine which Defendants participated in which acts. *See Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) ("[W]e concluded that the complaint . . . was devoid of specific allegations with respect to each defendant; the plaintiffs lumped together all of the defendants in their allegations . . . ."). Further, Defendants assert that Plaintiff's complaint is a "quintessential 'shotgun' pleading," which the Eleventh Circuit condemns. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete

with allegations that 'the defendants' engaged in certain conduct, making no distinction among the . . . defendants charged . . . .").

Defendants then go on to argue that Plaintiff failed to state a valid cause of action as to all of his claims against Defendants. The Court will address each of those claims below, and for the reasons that follow, the Court concludes that Plaintiff has failed to state a claim for which relief may be granted.

For the purposes of the motion to dismiss, a district court may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." 550 U.S. 544, 555 (2007). Further, in *Ashcroft* the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, a complaint must

allege facts sufficient to move claims "across the line from conceivable to plausible." 129 S. Ct. at 1951–53.

**A. Plaintiff has failed to state a valid cause of action for his RICO claims, and thus the claims are due to be dismissed.**

Defendants argue that Plaintiff's attempt at pleading RICO claims is wholly insufficient. (ECF No. 3 at 6–13.) The Court agrees.

To establish a RICO violation, Plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Williams v. Mohawk Indus. Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (quoting *Mohawk I*, 411 F.3d 1252, 1256 (11th Cir. 2006)); *see* 18 U.S.C. § 1962(c). Additionally, Plaintiff must show "the requisite injury to 'business or property,' and . . . that such injury was 'by reason of' the substantive RICO violation." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016) (quoting *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006)); *see* 1964(c). "Racketeering activity" is defined to include specified predicate acts. 18 U.S.C. § 1961(1). To prove a pattern of racketeering activity, "a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity." *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290–91 (11th Cir. 2010) (citing *H.J. Inc. v. Nw Bell Tel. Co.*, 492 U.S. 229, 240 (1989)).

Notably, Plaintiff must plead a RICO claim with the specificity required in Rule 9(b) of the Federal Rules of Civil Procedure. Under Rule 9(b), Plaintiff "must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what Defendants gained by the alleged fraud." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). For a case with multiple defendants, the complaint should inform each defendant of the nature of his participation in the fraud. *Id.* at 1381.

Plaintiff's complaint fails to allege all of the necessary elements of a RICO claim, including any predicate acts that would rise to the level of the criminal acts outlined in 18 U.S.C. § 1961 that could constitute racketeering activity. "[T]o survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements" for the predicate acts alleged against Defendants. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). Because Plaintiff failed to identify even a single specific predicate act or to allege the facts to support each of the elements of any predicate act committed by Defendants—and therefore failed to identify the necessary pattern of

racketeering activity—Plaintiff's RICO claims are due to be dismissed.

Because Plaintiff failed to allege any predicate acts, it follows that Plaintiff failed to allege that any predicate act was the proximate cause of Plaintiff's alleged injuries, another requirement for a RICO claim. A RICO claim is only available for "[a]ny person injured in his business or property *by reason of a violation of section 1962*." 18 U.S.C. § 1964(c) (emphasis added). The Eleventh Circuit has held that "a civil RICO claim requires that plaintiffs plead facts sufficient to give rise to a reasonable inference that the claimed racketeering activity . . . was the *but-for* and *proximate cause* of the plaintiffs' injuries." *Ray*, 836 F.3d at 1349 (citing *Simpson v. Sanderson Farms*, 744 F.3d 702, 712 (11th Cir. 2014) (emphasis added). Without alleging the requisite racketeering activity, Plaintiff cannot fulfill the proximate cause requirement to plead a RICO claim.

Additionally, Plaintiff failed to allege his RICO claims with the specificity required by Rule 9(b). For instance, Plaintiff was required to plead "facts with respect to *each* defendant's participation." *American Dental*, 605 F.3d at 1291 (emphasis added). Lumping the Defendants together and making vague allegations as to their collective conduct is woefully insufficient to meet the heightened pleading standard.

Accordingly, because Plaintiff failed to plead that any Defendant

committed any predicate act, Plaintiff's RICO claims cannot survive Defendants' motion to dismiss.

**B. Plaintiff has failed to state a valid cause of action for his breach of contract claim, and thus it is due to be dismissed.**

Defendants next argue that Plaintiff's breach of contract claim is also wholly insufficient to state a claim for which relief may be granted. (ECF No. 3 at 13–16.) The Court agrees.

Under Florida law, a complaint alleging a breach of contract must allege that the parties executed the contract, the obligations each party assumed as a result, and the breach of the contract. *Breakers of Fort Walton Beach Condos., Inc. v. Atl. Beach Mgmt., Inc.*, 552 So. 2d 274, 275 (Fla. Dist. Ct. App. 1989) (citing *Indus. Med. Publ'g Co. v. Colonial Press of Miami, Inc.* 181 So. 2d 19, 20 (Fla. Dist. Ct. App. 1965)). More specifically, Plaintiff must "adequately" plead each of the following elements: "(1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008) (citing *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. Dist. Ct. App. 2003).

Additionally, to prove a valid contract existed under Florida law, there must be an offer, acceptance, and consideration. *SCG Harbourwood, LLC v. Hanyan*, 93 So. 3d 1197, 1200 (Fla. Dist. Ct. App. 2012) (citing *Pezold*

*Air Charters v. Phoenix Corp.*, 192 F.R.D. 721, 725 (M.D. Fla. 2000). "It is well established that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract . . . ." *Acosta v. Dist. Bd. of Trustees of Miami-Dade Cmty. Coll.*, 905 So. 2d 226, 228 (Fla. Dist. Ct. App. 2005) (quoting *Greater N.Y. Corp. v. Cenvill Miami Beach Corp.*, 620 So. 2d 108, 1070 (Fla. Dist. Ct. App. 1993)).

Plaintiff's breach of contract claim fails to plead sufficiently the existence of a valid contract. Plaintiff alleges nothing regarding any offer, acceptance, or consideration exchanged with Defendants, and he has provided no factual allegations that would amount to a "meeting of the minds" between the parties. Rather than pleading the elements of a valid contract, Plaintiff made the conclusory allegation that there was an implied contract. However, Plaintiff failed to show the connection between the alleged implied contract and Defendants. Instead, he merely alleges various assumptions he made when purchasing his computer and again with conclusory allegations simply alleges Defendants continued harassment. Because Plaintiff has not shown the existence of a valid, enforceable contract, Plaintiff cannot show that Defendants breached a contract. Accordingly, Plaintiff's breach of contract claim is due to be

dismissed.[3]

## C. Plaintiff has failed to state a valid cause of action for his criminal stalking claim because there is no private civil cause of action for this claim.

Lastly, Defendants argue that although Plaintiff attempts to bring a civil claim for Defendants' alleged violation of Florida's criminal stalking statute, Florida Statute § 784.048, Plaintiff does not enjoy a private civil cause of action for any such alleged violation. (ECF No. 3 at 16–18.) The Court agrees again.

Under Florida law, the violation of a criminal statute does not create civil liability per se; instead, the statute "although penal in nature, [must] plainly impose[] a duty for the benefit of an *especial class* of individuals" to give rise to civil liability. *See, e.g.*, *Lavis Plumbing Servs., Inc. v. Johnson*, 515 So. 2d 296, 298 (Fla. Dist. Ct. App. 1987) (quoting *Rosenberg v. Ryder Leasing, Inc.,* 168 So. 2d 678, 680 (Fla. Dist. Ct. App. 1964)). Yet nothing in Florida Statute § 784.048 evidences that the statute or its purpose was to provide a private civil cause of action for damages for a violation of that statute. In other words, that statute "is a criminal statute

---

[3] In Plaintiff's discussion of his breach of contract claim, he cites various Florida statutes, including Fla. Stat. §§ 815.01–815.07 and Fla. Stat. § 668.801. (Compl. at 11.) While Plaintiff states that these statutes make invading a computer without permission a criminal violation, he fails to allege facts sufficient to show Defendants violated those statutes or to show the connection between those statutes and Plaintiff's pending civil case.

and does not contain any provisions for a civil cause of action." *Kamau v. Slate*, No. 4:11cv522-RH/CAS, 2012 WL 5390001, at *8 (N.D. Fla. Oct. 1, 2012) (granting a motion to dismiss a claim because "Plaintiffs may not base this civil action on the violation of § 7[84].048").

Accordingly, regardless of whether Defendants violated that statute, Plaintiff's claim is due to be dismissed because he is not entitled to pursue a civil cause of action for damages based upon a violation of Florida Statute § 784.048. [4]

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

HP Inc. and Microsoft Corporation's Motion to Dismiss, ECF No. 3, should be **GRANTED.**

**IN CHAMBERS** this 16th day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal

---

[4] To the extent that Plaintiff also pleads "Civil Felony Harassment," Plaintiff is advised that there is no such thing as civil felony harassment. (*See* Compl. at 15.)

*Case No: 3:16-cv-599-RV-GRJ*

<u>use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.